Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Telefax: (801) 521-4252

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | : Bankruptcy No. 12-20217 JTM |
| | (Chapter 7) |
| JOSEPH MICHAEL SORCE, | : |
| Debtor. | : |

## MOTION TO EXTEND DEADLINE FOR FILING COMPLAINTS CONCERNING THE DEBTOR'S DISCHARGE AND MOTION FOR TURNOVER ORDER

The Trustee in the above-captioned case, Stephen W. Rupp, hereby requests that the Court extend the deadline for filing complaints concerning the debtor's discharge. The present deadline is April 15, 2013. The Trustee requests that the deadline be extended for three months or up to and including *July 15, 2013*. The Trustee also requests an order of the Court requiring the debtor cooperate with the Trustee and surrender and turnover books, records, documents, information and properties of the bankruptcy estate by a date certain. The Trustee requests this relief as to the Trustee and U.S. Trustee only. The Trustee requests this relief for the following reasons:

    1.    This case was initially filed as a Chapter 7 on January 6, 2012.

2.  The First Meeting of Creditors was conducted on February 12, 2013. There was a continued First Meeting of Creditors also conducted on February 8, 2012. At those First Meetings, there were directives issued, copies of which are attached as Exhibit "A".

3.  The debtor produced incomplete copies of 2010 tax returns at the original First Meeting. In light of account statements, and the debtor's post-petition receipts and deposits, it was learned and the debtor admitted that at the First Meeting of Creditors conducted on February 8, 2011 that he had approximately $72,000.00 of accounts receivable due and owed him as of the date of the filing of the bankruptcy petition.

2.  The debtor was directed to turnover all accounts receivable and all account balances. He was also to produce a copy of every check over $1,000.00 since October 1, 2011 up through February 7, 2012. He was also to produce full and complete copies of his personal and business financial account statements from October 1, 2011 until April 6, 2012. He was also directed to produce full and complete copies of tax returns for 2009, 2010 and 2011. There were also other directives issued.

3.  To avoid the investigation of the debtor's financial affairs and dealings and the Chapter 7 administration of his estate, the debtor converted his case to a Chapter 13.

4.  Rather than prosecute his Chapter 13, the debtor voluntarily reconverted his Chapter 13 to a Chapter 7 on December 31, 2012. It should be noted that the debtor's full contribution to the Chapter 13 Trustee from April, 2012 through December, 2012 was $661.00 after taking into

account the amount returned to the debtor by the Chapter 13 Trustee upon reconversion of the case to Chapter 7.

5. The debtor has never turned over or accounted in Chapter 7 or in Chapter 13 the accounts receivable due and owed him as of the date of the filing of the bankruptcy petition on January 6, 2012.

6. A First Meeting of Creditors was conducted in the reconverted case on February 12, 2013. At that time, the Chapter 7 Trustee reissued a directive, a copy of which is attached as Exhibit "B". Despite the directive, the debtor has only produced copies of his 2011 tax returns and personal and business account statements for two different accounts and account statements for a personal and business accounts for the months of December, 2011 and January, 2012.

7. Under §521 of the Bankruptcy Code, the debtor is required to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under this Title. The debtor also has the duty to surrender to the Trustee all property of the estate and any recorded information, including books, documents, records and papers relating to property or claims of the bankruptcy estate.

8. Despite these duties and the Trustee's directive, the debtor has yet failed to fully comply with the directives and all that the Trustee has requested.

9. The Trustee considers all that has been requested necessary in complying with the Trustee's duties under §704 of the Bankruptcy Code, including the investigation of the debtor's

financial affairs and dealings, the identification of property or claims of the bankruptcy estate, the realization of the value of property of the bankruptcy estate, and the administration of the estate. The debtor's failure to surrender, produce and turnover raises issue concerning the debtor's failure to comply with debtor's duties under §521 of the Bankruptcy Code and Rules and debtor's entitlement to a Chapter 7 discharge.

10. The extension of the deadline will provide the debtor with additional time and opportunity to fully comply with the debtor's duties and is time needed for the Trustee to continue to pursue and accomplish the Trustee's duties in this case.

WHEREFORE, the Trustee hereby requests that the deadline for filing complaints concerning debtor's discharge be extended for three months or up to and including *July 15, 2013*. The Trustee also requests an order of the Court requiring that the debtor surrender, produce and turnover to the Trustee within fifteen (15) days after the entry of a turnover order, the following:

(a) Full and complete copies of State and Federal personal and business tax returns for the years 2009, 2010 and 2012. The copies of the tax returns shall include, but not be limited to, all tax schedules, including Schedule A, SE, E, C and all attachments and supporting documents, including all 1099's issued to contract employees or independent contractors, K-1's, W-2's, and depreciation schedules.

(b) Copies of Personal and business financial account statements covering the period of October 1, 2011 through April 6, 2012.

(c) Turnover of value of all account balances, accounts receivable, all equipment and all tools as of the date of the filing of the debtor's bankruptcy petition on January 6, 2012.

(d) Turnover of $68,000.00 to $72,000.00 of account receivable admittedly due the debtor as of the date of the filing of the debtor's bankruptcy petition on January 6, 2012.

(e) Copy of the evidence of every disbursement and transfer over $1,000.00 from October 1, 2011 through February 7, 2012, including copies of every check, withdrawal or disbursement over $1,000.00 from October 1, 2011 through February 7, 2012.

(f) Copy of all billings, invoices and purchase orders from December 1, 2011 through February 8, 2013.

(g) Copy of all business contracts entered into before January 6, 2012 and for which any services were rendered from November 1, 2011 through April 1, 2012.

DATED this 15 day of April, 2013.

McKAY, BURTON & THURMAN
By _____
Stephen W. Rupp
Attorneys for Chapter 7 Trustee

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on April 15, 2013, I electronically filed the foregoing *Motion to Extend Deadline For Filing Complaints Concerning the Debtor's Discharge and Motion For Turnover Order* with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Theron D. Morrison topofutahlaw@gmail.com, morrisonlawecf@gmail.com;chapter7email@gmail.com;tmlawclerks@gmail.com;bkecf_morrison@bkexpress.info

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on April 15, 2013, I caused to be served a true and correct copy of the foregoing *Motion to Extend Deadline For Filing Complaints Concerning the Debtor's Discharge and Motion For Turnover Order* as follows:

**Mail Service - By regular first class Untied States Mail, postage fully pre-paid, addressed to:**

**Joseph Michael Sorce**
1730 East Hidden Valley Club Drive
Sandy, UT 84092

/s/ Karin Powell

ka\pl\sorce.mte

**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

In re  Sorce                      :        Bankruptcy No. 12-20217

                                  :
       Debtor(s).                 :        TRUSTEE'S DIRECTIVE

NOTICE TO DEBTOR(S):

PURSUANT TO RULE 525, RULES OF PRACTICE OF THE UNITED STATES BANKRUPTCY COURT, THESE INSTRUCTIONS FROM THE TRUSTEE MUST BE COMPLIED WITH. IF YOU DO NOT UNDERSTAND WHAT IS REQUIRED OF YOU, DISCUSS THE MATTER WITH YOUR LAWYER.

You are instructed to file with the Trustee, through your attorney, the following documents:

1. AMENDMENTS. You are directed to file amended Statement of Affairs, question(s) # _Q3, Q10_ Schedules _I, J, Form 22_ with a copy to the Trustee not later than _2/18/12_.

   _Personal & business_

2. TAX RETURNS. Supply Trustee with full and complete copies of prepared and filed State and Federal tax returns for tax years _2009, 2010, 2011_ not later than _4/1/12_. **Any and all refunds due you are property of the estate, and must be turned over to the Trustee for administration.**

   _Personal & business_

3. BOOKS AND RECORDS, including cancelled checks, deposit slips, receipts, ledgers, check registers, financial account statements, inventories, appraisals, audits, and any and all other documents which evidence the financial affairs of debtor(s) and/or _from 10/1/11 to present or until 4/6/2012_ covering months prior to, of and after date of Petition not later than _____.

4. OTHER. Supply the Trustee with copies of the following:

   * include all schedules — A, SE, E, F or all attachments & supporting documents — 1099s, K-1s, W-2s, depreciation schedules,
   Turnover all accounts receivable + account balances, explanation
   Copy of every check check, withdrawal, disbursement for BOW Source 10/1/11 to present _____ not later than _____.

All documents requested should be delivered or mailed to Stephen W. Rupp, Trustee, McKay, Burton & Thurman, 170 South Main, Suite 800, Salt Lake City, Utah 84101.

The Bankruptcy Code requires that you cooperate with the Trustee [11 U.S.C. § 521(3)]. If you fail to comply with these instructions or if you supply incomplete or inaccurate information, the Trustee may ask the Court to impose sanctions against you, as provided by Local Rule 525(c).

DATED: _2/7/12_

_____
For Stephen W. Rupp, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

In re     Sorce                            :     Bankruptcy No.  12-20217
                                           :
Debtor(s).                                 :     TRUSTEE'S DIRECTIVE

NOTICE TO DEBTOR(S):

PURSUANT TO RULE 525, RULES OF PRACTICE OF THE UNITED STATES BANKRUPTCY COURT, THESE INSTRUCTIONS FROM THE TRUSTEE MUST BE COMPLIED WITH. IF YOU DO NOT UNDERSTAND WHAT IS REQUIRED OF YOU, DISCUSS THE MATTER WITH YOUR LAWYER.

You are instructed to file with the Trustee, through your attorney, the following documents:

1. AMENDMENTS. You are directed to file amended
   Statement of Affairs, question(s) #_____
   Schedules_____
   with a copy to the Trustee not later than _____

2. TAX RETURNS. Supply Trustee with full and complete copies of prepared and filed State and Federal tax returns for tax years _____ not later than _____. **Any and all refunds due you are property of the estate, and must be turned over to the Trustee for administration.**

3. BOOKS AND RECORDS, including cancelled checks, deposit slips, receipts, ledgers, check registers, financial account statements, inventories, appraisals, audits, and any and all other documents which evidence the financial affairs of debtor(s) and/or _____ covering months prior to, of and after date of Petition not later than _____.

4. OTHER. Supply the Trustee with copies of the following: Copy of all billings from Dec 1/2011 to present
   Copy _ contracts
   _____ not later than _____.

All documents requested should be delivered or mailed to Stephen W. Rupp, Trustee, McKay, Burton & Thurman, 170 South Main, Suite 800, Salt Lake City, Utah 84101.

The Bankruptcy Code requires that you cooperate with the Trustee [11 U.S.C. § 521(3)]. If you fail to comply with these instructions or if you supply incomplete or inaccurate information, the Trustee may ask the Court to impose sanctions against you, as provided by Local Rule 525(c).

DATED: 2/8/

For Stephen W. Rupp, Trustee

**EXHIBIT "B"**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

In re  Juica

Debtor(s).

Bankruptcy No. 12-20217

TRUSTEE'S DIRECTIVE

**NOTICE TO DEBTOR(S):**

PURSUANT TO RULE 525, RULES OF PRACTICE OF THE UNITED STATES BANKRUPTCY COURT, THESE INSTRUCTIONS FROM THE TRUSTEE MUST BE COMPLIED WITH. IF YOU DO NOT UNDERSTAND WHAT IS REQUIRED OF YOU, DISCUSS THE MATTER WITH YOUR LAWYER.

You are instructed to file with the Trustee, through your attorney, the following documents:

1. **AMENDMENTS.** You are directed to file amended
   Statement of Affairs, question(s) # _____
   Schedules _____
   with a copy to the Trustee not later than _____

2. **TAX RETURNS.** Personal + business. Supply Trustee with full and complete copies of prepared and filed State and Federal tax returns for tax years 2009, 2011, 2012, 2010 not later than _____. **Any and all refunds due you are property of the estate, and must be turned over to the Trustee for administration.**

3. Personal + business. **BOOKS AND RECORDS**, including cancelled checks, deposit slips, receipts, ledgers, check registers, financial account statements, inventories, appraisals, audits, and any and all other documents which evidence the financial affairs of debtor(s) and/or from 1/1/11 to 4/6/12. covering months prior to, of and after date of Petition not later than _____.

4. **OTHER.** Supply the Trustee with copies of the following:
   a - turnover account balances, accounts receivable, all equipment, lists,
   b - turnover $72,000 of accounts receivable
   c - Copy of evidence of every disbursement over $1,000 from 10/1/11 thru 2/7/12
   d - Copies of all invoices, billings, from 12/1/11 thru 2/7/12 + 2/7/12 thru May 1, 2012 not later than _____.

All documents requested should be delivered or mailed to Stephen W. Rupp, Trustee, McKay, Burton & Thurman, 170 South Main, Suite 800, Salt Lake City, Utah 84101.

The Bankruptcy Code requires that you cooperate with the Trustee [11 U.S.C. § 521(3)]. If you fail to comply with these instructions or if you supply incomplete or inaccurate information, the Trustee may ask the Court to impose sanctions against you, as provided by Local Rule 525(c).

DATED: 2/12/13

_____
For Stephen W. Rupp, Trustee